MEMORANDUM DECISION ON APPLICATION FOR RECONSIDERATION
This cause is before the court as the result of the filing of a document entitled "motion for reconsideration." No "motion for reconsideration" exists following judgment by an appellate court.
Treating the "motion" as an application for reconsideration pursuant to App.R. 26(A), the application is denied. The motion filed in the trial court could be construed as either a motion to withdraw a guilty plea or as a form of petition for post-conviction relief. Treated as a form of petition for post-conviction relief, the motion or petition was not timely filed.
Treated as a motion to withdraw a guilty plea, the motion was appropriately overruled. As noted in our decision rendered on September 30, 1999, a motion to withdraw a guilty plea can only be sustained "to correct manifest injustice." See Crim.R. 32.1.
Veronica L. Stires was clearly present and involved in luring Orbin Maggard to a motel room. She was present when Mr. Maggard was executed. She shared in the proceeds of the robbery. She confessed her involvement. In return for entering her guilty plea, she avoided sentencing on a firearm specification and a potential conviction on another serious charge. No manifest injustice has occurred, so no basis for sustaining a post-sentencing motion to withdraw a guilty plea exists.
In general, proof that a person has received ineffective assistance of counsel is best pursued in a post-conviction relief proceeding. Proof that a person has entered a plea without making a knowing, intelligent and voluntary waiver of fundamental rights is best presented in the context of a motion to withdraw a guilty plea. Arguably, when the right to counsel is called into question, both types of proceedings can be implicated.
In the case of Veronica Stires, we are not compelled to rely upon which type of proceeding is best in order to resolve the case. Treated either as a motion to withdraw a guilty plea or a petition for post-conviction relief, Ms. Stires is entitled to no relief. The application for reconsideration is denied.
Application denied.
BRYANT and BROWN, JJ., concur.